UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN JOSEPH FADER,

              Plaintiff,

   v.

NORM GOODENOUGH, *et al*.,

              Defendants.

Case No. C21-5058 JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Kevin Joseph Fader is incarcerated at Coyote Ridge Corrections Center in Connell, Washington. Service has not been ordered. Plaintiff identifies five Washington Corrections Center ("WCC") employees as Defendants in his second amended complaint: RN Mandy Jo Venable, ARNP D. Lindsay, ARNP A. Clarno, PA-C Laura L. Manigo, and LPN M. Alejo. (SAC (Dkt. # 10) at 4-5.) Plaintiff alleges that Defendants failed to provide him adequate medical treatment for a leg injury. (*Id.* at 6-10.) Plaintiff seeks damages for the alleged violation of his federal rights. (*Id.* at 12.) Having considered Plaintiff's second amended complaint, the balance of the record, and the governing

1  law, the Court recommends Plaintiff's second amended complaint and this action be dismissed,
2  without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### II.  BACKGROUND

As noted above, this matter is before the Court on Plaintiff's second amended complaint regarding alleged inadequate medical treatment for a leg injury. (SAC (dkt. # 10).) The Court declined to order service of Plaintiff's original complaint because he failed to allege any facts showing that the named Defendants personally participated in denying him adequate medical care, and granted Plaintiff leave to amend. (Dkt. # 6.) On February 16, 2021, Plaintiff filed an amended complaint. (Dkt. # 8.) Plaintiff reiterated that he was not given adequate medical treatment for his leg injury and alleged that he told the WCC medical staff he should have been immediately taken to a hospital, but that the staff waited two weeks to admit him to an outside hospital. (*Id.*) Plaintiff claimed he was cured within two days of being treated by the outside hospital, which he asserted evidenced WCC medical staff's inadequate medical care. (*Id.*) The Court declined to order service of Plaintiff's amended complaint because he again failed to allege any specific facts regarding the named Defendants and instead only generally asserted that his medical records showed they mistreated him. (*Id.*; Dkt. # 9.) The Court granted Plaintiff leave to amend a second time. (Dkt. # 9.)

On February 25, 2021, Plaintiff filed the instant second amended complaint, which reasserts his inadequate medical treatment claim. (SAC.) Specifically, Plaintiff asserts he was denied adequate medical treatment from August 2, 2019 to August 16, 2019. (*Id.* at 6.) He alleges that "every day [he] would see a different person who really didn't have any clue on just what should be done to cure [him]." (*Id.* at 11.) With regard to the named Defendants, Plaintiff generally asserts that every named Defendant treated him and that "the named Co Defendants

caused [him] harm and damages to [his] leg for not fixing it sooner." (*Id.* at 7-10.) He asserts that as a result, he has pain in his leg and is unable to walk or stand in the manner he did before his injury. (*Id.* at 7.)

### III.    DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

The Court applies a deliberate indifference standard in considering claims relating to medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 835.

In his second amended complaint, Plaintiff asserts the WCC medical staff, and named Defendants, did not know how to treat his leg injury and that they should have sent him to an outside hospital sooner. However, he does not allege any specific facts regarding the named Defendants and therefore has not shown that they personally participated in the alleged inadequate medical treatment or caused the alleged harm. Rather, he asserts generally that during the two weeks at issue, he saw all named Defendants for his leg injury, without asserting any facts regarding what treatment they provided or how it was inadequate. This is insufficient to state a cognizable claim for relief under § 1983.

When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process. 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff has been granted two opportunities to amend his complaint to state a viable claim for relief but has failed to do so, this action must be dismissed.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's second amended complaint and this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

**fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 26, 2021**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughenour.

Dated this 4th day of March, 2021.

_____
MICHELLE L. PETERSON
United States Magistrate Judge